Lawrence E. Henke
David L. Vicevich
Vicevich Law
3738 Harrison Ave.
Butte, MT 59701
larry@vicevichlaw.com
dave@vicevichlaw.com
  *Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| RANDY LARSON AND RUSSELL MORRISON, on behalf of themselves and all persons similarly situated, | Case No. |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| BLAINE C. BRADSHAW and GRANITE COUNTY, | |
| Defendants. | |

COMES NOW the Plaintiffs, Randy Larson and Russell Morrison, on behalf of themselves and all persons similarly situated ("Plaintiffs" or "Putative Class"), by and through their counsel of record, Lawrence E. Henke, and for their Complaint against Defendants Blaine C. Bradshaw and Granite County, assert and allege as follows:

## Summary of the Lawsuit

Randy Larson and Russell Morrison are Granite County citizens who have been arrested and prosecuted for misdemeanor criminal violations for conduct that does not actually violate Montana criminal statutes. Granite County engages in a pattern and practice of targeting low income or socially classed citizens who do not have the means of defending against wrongful arrests made by Granite County.

Blaine Bradshaw is the County Attorney for Granite County and sets the policies and procedures for what charges he and Granite County bring and whom those charges are brought against. Charges for conduct are levied by Granite County, wherein the Justice of the Peace upholds wrongful arrests and finds probable cause for defendants' lawful conduct without review or evidentiary basis, all of which perpetuates the pattern and practice of civil rights violations.

The Putative Class Plaintiffs are charged, and then offered a nominal $100 fine with an option for a deferred sentence; but, under this pattern and practice Granite County and Bradshaw know that the conduct alleged is not criminal in the first place and each offeree has had their civil rights infringed.

 Mr. Larson was charged with assault for an off-color remark made to a third party about the alleged "victims" of his "threats". There was no reasonable basis in fact or law to support the charge of assault. The case was later dismissed on motion of the State as part of this pattern and practice.

Russell Morrison was charged with disorderly conduct for raising his middle finger to a security camera in frustration after finding that his neighbor had placed a lock around Morrison's gate to his field in an attempt to discourage him from using the gate. Morrison was forced to choose between accepting a criminal conviction and fine, or spending thousands of dollars defending himself after the Justice Court improperly found there was probable cause for the charge. He chose the latter and the case was dismissed by the District Court on a Motion to Dismiss.

The placement of putative class members in a choice of accepting a civil rights infringement because of their economic or social class and perpetuating the pattern and practice of knowingly charging criminal conduct for demonstrably legal conduct versus expending monies to defend legal conduct is a knowing, planned pattern and practice of violating civil rights of the putative class members that has evolved into a policy by Granite County.

# I.
## Parties

1. Plaintiff Randy Larson is a resident of Granite County, Montana, at all times relevant to the facts and claims set forth in this matter.

2. Plaintiff Russell Morrison is a resident of Granite County, Montana, at all times relevant to the facts and claims set forth in this matter.

3. Defendant Blaine C. Bradshaw is a resident of Drummond, Granite County, Montana, at all times relevant to the facts and claims set forth in this matter.

4. Defendant Granite County is a county government entity with its county seat in Philipsburg, Granite County, Montana, at all times relevant to the facts and claims set forth in this matter.

## II.
## Venue and Jurisdiction

5. Venue is proper in the United States District Court for the District of Montana, Missoula Division, pursuant to 28 U.S.C. § 1391(b)(2).

6. This Court has personal jurisdiction over the parties to this lawsuit because all events took place within the Missoula Division of the District of Montana.

7. This Court has subject matter jurisdiction over the Plaintiffs' claims alleged in this Complaint because they involve federal statutes. 28 U.S.C. §§ 1331 and 1343.

## III.
## Background Facts

8. Blaine Bradshaw is the duly elected County Attorney for Granite County.

9. Bradshaw is in his second consecutive term in that position, but he has served as the Granite County Attorney for several years dating back to 2003.

10. Bradshaw has no deputy county attorneys and is the sole source of both policy and procedure making in the Granite County Attorney's Office, as well as the only person who chooses when and how to implement those policies and procedures.

_Russell Morrison_

11. On May 31, 2007, a Warranty Deed was recorded at Roll 60, Page 363 in Granite

County, in which Anne M. Morrison and Gary A. Morrison granted a limited, defined easement to Michael Bender as Trustee of the Michael Bender Trust.

12. Russell Morrison was the grantor-in-interest in 2021 when he encountered issues with Bender regarding the scope of the easement.

13. Bender was, at that time, the beneficiary of the limited easement recorded at Roll 60, Page 363 in Granite County, which has a legal description of:

> A tract of land located in and being a portion of the NW1/4 and the SW1/4 of Section 33, Township 9 North, Range 13 West, P.M.M., Granite County, Montana and being more particularly described as Tract 1 of Certificate of Survey No. 738.

14. On May 11, 2021, Morrison drove into his cow pasture on the easement road from Gold Coin Road. There he found Bender had place a lock on a gate foreclosing his entrance onto his own property, from his own property. In response, he "flipped the bird" toward the Bender home about 400 yards away.

15. Bender's wife, Angela DiPinto, was inside the home, not visible to Morrison, but able to see Morrison on a video screen.

16. On June 11, 2021, Bender filed a complaint with the Granite County Sheriff's Office premised upon the video of an incident that had taken place a month prior.

17. Based on Bender's report of Morrison's conduct, and their reported reaction to it, Bradshaw and Granite County filed a complaint on July 12, 2021, charging Morrison with Disorderly Conduct in violation of M.C.A. § 45-8-101(1)(a)(i).

18. Proving a violation of that statute would require Bradshaw to prove that Morrison had either quarreled with DiPinto (who Defendants alleged was the victim, according to the criminal complaint) or challenged her to a fight.

19. Given that Morrison was unaware of DiPinto's presence in the home, the facts of the case did not merit a charge of disorderly conduct.

20. Bradshaw, despite lacking probable cause for filing of charges against Morrison, then offered to resolve the matter for a guilty plea and a $100 fine.

21. Knowing that the non-lawyer Justice of the Peace in Granite County would be sensitive to ruling against him, Bradshaw took the matter to trial when Morrison declined the plea offer.

22. True to form, the Justice of the Peace did find Morrison guilty of disorderly conduct.

23. On October 7, 2022, the District Court, sitting in its appellate capacity, issued an order dismissing the disorderly conduct charges. The Court held: "The particular facts of this case lead this Court to find Defendant Morrison's conduct did not violate the statute."

*Randy Larson*

24. While speaking to Deputy Attorney General Alden Tonkay on June 1, 2021, Larson allegedly stated that he was going to shoot Ron Beck the next time he saw him.

25. Tonkay notified the Granite County Sheriff's Office and Shirley Beck, wife of Ron Beck, of Larson's alleged statement.

26. Bradshaw and Granite County saw fit to file a criminal complaint <u>that same day</u>, alleging that Larson had assaulted both Ron and Shirley Beck by "purposely or knowingly causing reasonable apprehension of bodily injury to another."

27. Ron Beck, if he heard of the "threat" at all, heard of it third-hand through his wife.

28. Shirley Beck was neither present when the statement was allegedly made, nor was it directed at her, nor was there an imminent threat to her husband that would cause her any amount of distress. In fact, the two were miles apart and unaware of each other's location when the alleged threat was made.

29. In other words, there was clearly no probable cause to bring an assault charge against Larson, but Bradshaw and Granite County wielded their authority to charge Larson with a crime to the benefit of the Becks, who are locally affluent persons.

30. Bradshaw and Granite County then obtained an arrest warrant against Larson, which was served on him on July 26, 2021.

31. After Larson declined the patterned and practiced plea offer of a deferred prosecution and $100 fine, Bradshaw and Granite County elected to dismiss the case, presumably knowing no criminal conduct occurred.

32. Additional Putative Class members are known and the Granite County pattern and practice of civil rights violations in the same patterned scheme are known to exist, and upon information and belief the Putative Class includes several others.

## V.
## CLASS ALLEGATIONS

33. **Class Definition.** Pursuant to Montana Rule of Civil Procedure 23, Plaintiffs Randy Larson and Russell Morrison bring this case as a putative class action on behalf of the "Class" defined as follows:

> Each person who was charged with a misdemeanor in Granite County and was offered a deferred prosecution sentence and payment of a fine in exchange for the dismissal of a charge that was made without probable cause between October 16, 2020 and present.

34. Upon information and belief, Bradshaw and Granite County file at least 15 misdemeanor charges annually.

35. It is presently unknown to Plaintiffs exactly how many citizens have been charged by Bradshaw and Granite County under this scheme which meet the proposed class definition, however that number is discernable, definite, and predictable.

36. **Numerosity**. There are more than forty people in the Putative Class described above, which is the accepted minimum in the Ninth Circuit to claim putative

class status. Plaintiffs expect the Bradshaw and Granite County's records will show several dozen class members meeting the definition of the Class.

37. **Commonality**. There exist questions of law and fact common to Plaintiffs and the proposed Class, including but not limited to:

    a. Bradshaw and Granite County had knowledge that probable cause to file misdemeanor complaints did not exist,

    b. Criminal charges were brought by Bradshaw and Granite County regardless,

    c. An offer to pay a fine and entered into a deferred prosecution agreement was made to each putative class member,

    d. Whether Bradshaw and Granite County acted with malice in charging citizens without probable cause to support those charges,

    e. Whether Bradshaw and Granite County use their authority to benefit some citizens to the detriment of other citizens, and

    f. Whether Bradshaw and Granite County gain a benefit by charging citizens without probable cause to support those charges.

38. **Typicality**. The claims of the above-named Plaintiffs are typical of the claims of the Class. Their claims, like the claims of the Putative Class, arise out of the same common course of conduct by Bradshaw and Granite County and are based on the same legal theories.

39. **Adequacy of Representation**. Plaintiffs are appropriate representatives for the Class and will fairly and adequately protect the interests of the Putative Class. Plaintiffs understand and are willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiffs have no interests that directly conflict with interests of the Putative Class. Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers and class action litigators. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Putative Class and have the financial resources to do so.

40. **Predominance.** Bradshaw and Granite County have a standard practice of bringing misdemeanor charges against its economically and socially challenged citizens which the facts and law do not support. Those charges are levied against those citizens who lack the money or social standing to adequately defend themselves. The common issues arising from this conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

41. **Superiority**. Bradshaw and Granite County's practices harm citizens who cannot afford to defend themselves in criminal actions, so frequently will accept a fine and deferred prosecution. Those that can come up with money for a defense attorney are still faced with the time, cash, and damage to their

reputation which are all depleted by Defendants' actions. Absent a class action, many Putative Class members may be unaware of the recourse for Bradshaw and Granite County's actions, or may find the cost of litigating their claims individually prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The Putative Class members can be identified from Bradshaw and Granite County's business records, and there will be no significant difficulty in the management of this case as a class action.

## IV.
## Claims and Causes of Action

### COUNT 1
### VIOLATION OF 42 USC § 1983 BY BLAINE BRADSHAW –
### FIRST AMENDMENT

42. Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

43. At all times pertinent to this incident, Defendant Bradshaw acted under color of authority as the County Attorney for Granite County, Montana.

44. Defendant Bradshaw, as the person setting policies and procedures for the Granite County Attorney's Office, is liable for his actions.

45. Defendant Bradshaw, as the person carrying out the policies and procedures of the Granite County Attorney's Office by making charging decisions, is liable for his

actions.

46. Defendant Bradshaw went outside of the protections of absolute prosecutorial immunity when he acted as an investigator and gave direction to the police during a criminal investigation, rather than waiting for the police to conduct their investigation and then making a determination as to whether to bring charges. *See, e.g. Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

47. Defendant Bradshaw made a charging decision about Morrison without a charging decision being made by the Granite County Sheriff's Office, as is evident by the manner in which the case was brought with the supposed victim not requesting prosecution, and invaded his right to expression by gesture.

48. Defendant Bradshaw made a charging decision about Larson without an independent investigation being performed by the Granite County Sheriff's Office, as is evident by the speed at which charges were brought.

49. Defendant Bradshaw was listed as the investigating officer on Larson's arrest warrant, further showing his level of involvement in the process and taking him out of absolute prosecutorial immunity.

50. Defendant Bradshaw, while acting under color of authority, and now without the benefit of absolute prosecutorial immunity, deprived Larson and Morrison, as well as the Putative Class, of their First Amendment rights to free speech, by charging

them with misdemeanors for non-criminal speech.

51. The acts and omissions of Defendant Bradshaw, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

52. The acts and omissions of Defendant Bradshaw were taken consciously and with disregard of the facts and wrongful conduct of alleged victims.

53. Each act or omission of Defendant Bradshaw violated the Putative Classes' rights under the First Amendment of the U.S. Constitution.

54. Each act or omission of Defendant Bradshaw proximately caused or contributed to the Putative Classes' constitutional rights deprivation, their injuries, and their damages.

## COUNT 2
## VIOLATION OF 42 USC § 1983 BY BLAINE BRADSHAW – FOURTH AMENDMENT

55. Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

56. At all times pertinent to this incident, Defendant Bradshaw acted under color of authority as the County Attorney for Granite County, Montana.

57. Defendant Bradshaw, as the person setting policies and procedures for the Granite

County Attorney's Office, is liable for his actions.

58. Defendant Bradshaw, as the person carrying out the policies and procedures of the Granite County Attorney's Office by making charging decisions, is liable for his actions.

59. Defendant Bradshaw went outside of the protections of absolute prosecutorial immunity when he acted as an investigator and gave advice to the police during a criminal investigation, rather than waiting for the police to conduct their investigation and then making a determination as to whether to bring charges. *See, e.g. Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

60. Defendant Bradshaw made a charging decision about Larson without an independent investigation being performed by the Granite County Sheriff's Office, as is evident by the speed at which charges were brought.

61. Defendant Bradshaw was listed as the investigating officer on Larson's arrest warrant, further showing his level of involvement in the process and taking him out of absolute prosecutorial immunity.

62. Defendant Bradshaw failed to provide exculpatory evidence to Morrison in violation *State v. Ellison,* 2012 MT 50, ¶ 15, 364 Mont. 276, 272 P.3d 646 (discussing *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)).

63. Defendant Bradshaw failed to abide by the prosecutor's continuing duty to promptly disclose any additional, discoverable evidence by withholding information from Morrison in his criminal trial.

64. Defendant Bradshaw directly impeded and attempted to influence Morrison's defense counsel in violation of M.C.A. § 46-15-330.

65. Defendant Bradshaw, while acting under color of authority, and now without the benefit of absolute prosecutorial immunity, deprived Larson, as well as the Putative Class, of their Fourth Amendment rights to be free from search and seizure by having an arrest warrant issued and enforced.

66. Larson was brought to jail and confined on July 26, 2021, for allegedly committing a misdemeanor in which there was no imminent harm and which charges were eventually dismissed.

67. The acts and omissions of Defendant Bradshaw, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

68. The acts and omissions of Defendant Bradshaw were taken consciously and with disregard of the facts and wrongful conduct of alleged victims.

69. Each act or omission of Defendant Bradshaw violated the Putative Classes' rights under the Fourth Amendment of the U.S. Constitution.

70. Each act or omission of Defendant Bradshaw proximately caused or contributed to the Putative Classes' constitutional rights deprivation, their injuries, and their damages.

## COUNT 3
## VIOLATION OF 42 USC § 1983 BY BLAINE BRADSHAW – FOURTEENTH AMENDMENT

71. Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

72. At all times pertinent to this incident, Defendant Bradshaw acted under color of authority as the County Attorney for Granite County, Montana.

73. Defendant Bradshaw, as the person setting policies and procedures for the Granite County Attorney's Office, is liable for his actions.

74. Defendant Bradshaw, as the person carrying out the policies and procedures of the Granite County Attorney's Office by making charging decisions, is liable for his actions.

75. Defendant Bradshaw went outside of the protections of absolute prosecutorial immunity when he acted as an investigator and gave advice to the police during a criminal investigation, rather than waiting for the police to conduct their investigation and then making a determination as to whether to bring charges. *See, e.g. Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209

(1993).

76. Defendant Bradshaw made a charging decision about Larson without an independent investigation being performed by the Granite County Sheriff's Office, as is evident by the speed at which charges were brought.

77. Defendant Bradshaw was listed as the investigating officer on Larson's arrest warrant, further showing his level of involvement in the process and taking him out of absolute prosecutorial immunity.

78. Defendant Bradshaw failed to provide exculpatory evidence to Morrison in violation *State v. Ellison,* 2012 MT 50, ¶ 15, 364 Mont. 276, 272 P.3d 646 (discussing *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)).

79. Defendant Bradshaw failed to abide by the prosecutor's continuing duty to promptly disclose any additional, discoverable evidence by withholding information from Morrison in his criminal trial.

80. Defendant Bradshaw directly impeded and attempted to influence Morrison's defense counsel in violation of M.C.A. § 46-15-330.

81. Defendant Bradshaw, while acting under color of authority, and now without the benefit of absolute prosecutorial immunity, deprived Larson and Morrison, as well as the Putative Class, of their Fourteenth Amendment right to equal protection under the law, by subjecting them to a different set of rules than the general public.

82. To wit, Larson, Morrison, and the Putative Class were charged with misdemeanors which lacked probable cause, because of their poverty and lower socioeconomic class.

83. The acts and omissions of Defendant Bradshaw, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

84. The acts and omissions of Defendant Bradshaw were taken consciously and with disregard of the facts and wrongful conduct of alleged victims.

85. Each act or omission of Defendant Bradshaw violated the Putative Classes' rights under the Fourteenth Amendment of the U.S. Constitution.

86. Each act or omission of Defendant Bradshaw proximately caused or contributed to the Putative Classes' constitutional rights deprivation, their injuries, and their damages.

## COUNT 4
## VIOLATION OF 42 USC § 1983 BY GRANITE COUNTY – FIRST AMENDMENT

87. Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

88. At all times pertinent to this incident, Defendant Bradshaw acted under color of

authority as the County Attorney for Granite County, Montana.

89. Defendant Granite County placed Defendant Bradshaw in a position of power as the County Attorney and allowed him to set policies and procedures for the Granite County Attorney's Office.

90. Defendant Granite County either knowingly ratified Bradshaw's actions or willfully disregarded its duty to exercise oversight and control of Bradshaw.

91. Defendant Granite County is liable under *Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978) because Bradshaw's actions violated the Constitutional rights of Larson, Morrison, and the Putative Class through the exercise of policies and procedures Bradshaw established, to wit charging citizens with misdemeanors without probable cause.

92. Granitite County deprived Larson and Morrison, as well as the Putative Class, of their First Amendment rights to free speech, by charging them with misdemeanors for non-criminal speech.

93. The acts and omissions of Defendant Granite County, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

94. The acts and omissions of Defendant Granite County were taken consciously and with disregard of the facts and wrongful conduct of alleged victims.

95. Each act or omission of Defendant Granite County violated the Putative Classes' rights under the First Amendment of the U.S. Constitution.

96. Each act or omission of Defendant Granite County proximately caused or contributed to the Named Plaintiffs' and Putative Classes' Constitutional rights deprivation, their injuries, and their damages.

**COUNT 5**
**VIOLATION OF 42 USC § 1983 BY GRANITE COUNTY –**
**FOURTH AMENDMENT**

97. Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

98. At all times pertinent to this incident, Defendant Bradshaw acted under color of authority as the County Attorney for Granite County, Montana.

99. Defendant Granite County placed Defendant Bradshaw in a position of power as the County Attorney and allowed him to set policies and procedures for the Granite County Attorney's Office.

100. Defendant Granite County either knowingly ratified Bradshaw's actions or willfully disregarded its duty to exercise oversight and control of Bradshaw.

101. Defendant Granite County is liable under *Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978) because Bradshaw's actions violated the Constitutional rights of Larson, Morrison, and the Putative Class through the exercise of policies and

procedures Bradshaw established, to wit charging citizens with misdemeanors without probable cause.

102.   Granitite County deprived Larson and Morrison, as well as the Putative Class, of their Fourth Amendment rights to be free from search and seizure by having an arrest warrant issued and enforced.

103.   The acts and omissions of Defendant Granite County, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

104.   The acts and omissions of Defendant Granite County were taken consciously and with disregard of the facts and wrongful conduct of alleged victims.

105.   Each act or omission of Defendant Granite County violated the Putative Classes' rights under the First Amendment of the U.S. Constitution.

106.   Each act or omission of Defendant Granite County proximately caused or contributed to the Named Plaintiffs' and Putative Classes' Constitutional rights deprivation, their injuries, and their damages.

## COUNT 6
## VIOLATION OF 42 USC § 1983 BY GRANITE COUNTY – FOURTEENTH AMENDMENT

107.  Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

108.  At all times pertinent to this incident, Defendant Bradshaw acted under color of authority as the County Attorney for Granite County, Montana.

109.  Defendant Granite County placed Defendant Bradshaw in a position of power as the County Attorney and allowed him to set policies and procedures for the Granite County Attorney's Office.

110.  Defendant Granite County either knowingly ratified Bradshaw's actions or willfully disregarded its duty to exercise oversight and control of Bradshaw.

111.  Defendant Granite County is liable under *Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978) because Bradshaw's actions violated the Constitutional rights of Larson, Morrison, and the Putative Class through the exercise of policies and procedures Bradshaw established, to wit charging citizens with misdemeanors without probable cause.

112.  Granitite County deprived Larson and Morrison, as well as the Putative Class, of their Fourteenth Amendment right to equal protection under the law, by subjecting them to a different set of rules than the general public.

113.  To wit, Larson, Morrison, and the Putative Class were charged with misdemeanors which lacked probable cause, because of their poverty and lower

socioeconomic class.

114. The acts and omissions of Defendant Granite County, while carried out under color of authority, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power; the conduct shocks the conscience; the conduct us fundamentally unfair, arbitrary and oppressive; and, it was unrelated to activities which government officials may appropriately and legally undertake in the course of protecting persons or property or ensuring civil order.

115. The acts and omissions of Defendant Granite County were taken consciously and with disregard of the facts and wrongful conduct of alleged victims.

116. Each act or omission of Defendant Granite County violated the Putative Classes' rights under the First Amendment of the U.S. Constitution.

117. Each act or omission of Defendant Granite County proximately caused or contributed to the Named Plaintiffs' and Putative Classes' Constitutional rights deprivation, their injuries, and their damages.

## COUNT 7
## MALICICIOUS PROSECUTION BY BOTH DEFENDANTS

118. Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

119. At all times pertinent to this incident, Defendant Bradshaw acted under color of authority as the County Attorney for Granite County, Montana.

120. Defendant Granite County either knowingly ratified Bradshaw's actions or willfully disregarded its duty to exercise oversight and control of Bradshaw.

121. Defendants commenced judicial proceedings against Larson and Morrison, as well as Putative Class members.

122. Defendants were responsible for instigating, prosecuting, or continuing the proceedings.

123. The charges against Larson and Morrison lacked probable cause.

124. Upon information and belief, charges brought by Defendants against Putative Class members lacked probable cause.

125. Defendants were actuated by malice in bring charges against Larson and Morrison, as well as Putative Class members.

126. The judicial proceedings of Larson and Morrison terminated in their favor.

127. Upon information and belief, judicial proceedings against Putative Class members terminated in their favor.

128. Larson and Morrison, as well as terminated in Putative Class members suffered damages including, but not limited to, emotional distress, damage to their reputation, time away from work defending themselves, and the cost of counsel to defend themselves.

## COUNT 8
## MONTANA CONSTITUTIONAL RIGHTS VIOLATION – SECTION 4
## BOTH DEFENDANTS

129.  Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

130.  The Montana Constitution guarantees the Constitutional right of individual dignity under Section 4 whereby no person shall be denied equal protection of the laws.

131.  The Montana Constitution guarantees the Constitutional right of individual dignity under Section 4 whereby the State may not discriminate against any person in the exercise of his civil or political rights on account of race, color, sex, culture, social origin, or condition, or political or religious ideas.

132.  While acting under color of authority, Granite County and Bradshaw violated Larson, Morrison, and the Putative Classes' constitutional rights in depriving them of equal protection under the law.

## COUNT 9
## MONTANA CONSTITUTIONAL RIGHTS VIOLATION – SECTION 17
## BOTH DEFENDANTS

133.  Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

134.  The Montana Constitution guarantees the Constitutional right of due process under section 17 whereby no person shall be deprived of life, liberty or property without due process of law.

135. While acting under color of authority, Granite County and Bradshaw violated Larson, Morrison, and the Putative Classes' constitutional rights in depriving them of life, liberty and property without due process of law.

## V.
## Exemplary Damages

136. Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

137. At all times pertinent to this incident, Defendant Bradshaw acted under color of authority as the County Attorney for Granite County, Montana.

138. Defendant Granite County either knowingly ratified Bradshaw's actions or willfully disregarded its duty to exercise oversight and control of Bradshaw.

139. Defendants acted with actual malice and/or actual fraud in bringing charges which lacked probable cause against Larson, Morrison, and Putative Class members, entitling them to punitive damages under M.C.A. § 27-1-221.

140. Defendant Granite County either knowingly ratified Bradshaw's actions or willfully disregarded its duty to exercise oversight and control of Bradshaw.

141. Defendants acted with actual malice and/or actual fraud in violating the civil rights of Larson, Morrison, and Putative Class members, entitling them to punitive damages under M.C.A. § 27-1-221.

# VI.
## Attorney Fees

142. Plaintiffs reallege the foregoing paragraphs as though fully set forth herein.

143. Pursuant to 42 U.S.C. § 1988, a prevailing plaintiff in an action brought under 42 U.S.C. § 1983 is entitled to an award of attorney fees and costs.

144. Therefore, Plaintiffs request an award of attorney fees and costs against Defendants under 42 U.S.C. § 1988.

## Prayer for Relief

Wherefore, Plaintiffs pray for relief as follows:

A. An award of compensatory damages for each and every claim, in an aggregate amount of no less than $75,000.00;

B. An award of punitive damages in an amount sufficient to discourage Defendants from charging citizens with misdemeanors not supported by probable cause and strongarming them into plea deals;

C. An award of attorney fees and costs as allowed against Defendants under 42 U.S.C. § 1988;

D. For any other relief the Court deems just under the circumstances.

DATED this 20th day of October, 2023.

/s/  *Lawrence E. Henke*
Lawrence E. Henke
Attorney for Plaintiffs

## <u>DEMAND FOR JURY TRIAL</u>

Comes now the Plaintiffs, by and through their counsel, and hereby demand

a jury trial.

DATED this 20th day of October, 2023.

/s/   *Lawrence E. Henke*_____
Lawrence E. Henke
Attorney for Plaintiffs