IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY LARSON AND RUSSELL MORRISON, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BLAINE C. BRADSHAW and GRANITE COUNTY,<br><br>Defendants. | CV 23–126–M–KLD–DLC<br><br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on September 30, 2024, recommending that the Court grant Defendants' motion to dismiss (Doc. 4) in part and deny in part. (Doc. 20.) Finding no clear error in Judge DeSoto's Findings and Recommendation, the Court adopts them in full.

Because neither party objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

1

422, 427 (9th Cir. 2000).

Plaintiffs Randy Larson ("Larson") and Russell Morrison ("Morrison") filed several claims federal and state constitutional claims against Defendants Blaine C. Bradshaw ("Bradshaw"), who serves as the county attorney for Granite County, and against Granite County. (Doc. 1 at ¶ 8.) In his capacity as county attorney, Bradshaw brought criminal charges against both Morrison and Larson. (Doc. 1 at 2–3.) Plaintiffs allege that Bradshaw and Granite County lacked probable cause for the charges filed against them. Counts 1–3 allege various 42 U.S.C. § 1983 claims against Bradshaw; Counts 4–6 allege various § 1983 claims against Granite County; Count 7 alleges malicious prosecution by both Defendants; Count 8 alleges violations of the Montana Constitution, § 4, by both Defendants; and Count 9 alleges violations of the Montana Constitution, § 17, by both Defendants. (Doc. 1 at ¶¶ 20, 29, 42–135.)

In their Motion to Dismiss, Defendants contend that Plaintiffs fail to state a claim for relief because (1) absolute and qualified immunity protect Bradshaw from civil liability, (2) Morrison's claims against Granite County are untimely, and (3) Granite County cannot be held liable for Bradshaw's conduct as county attorney. Defendants further request that the Court take judicial notice of two documents in support of their Motion. In response, Plaintiffs argue that Bradshaw's conduct is subject to neither absolute nor qualified immunity and that judicial

notice is improper.

With respect to Bradshaw, Judge DeSoto reasoned that because Plaintiffs' claims fall entirely within the bounds of prosecutorial immunity, Bradshaw "is shielded by absolute immunity for all actions that would otherwise support Plaintiffs' claims." (Doc. 20 at 13.) Accordingly, Judge DeSoto recommends that the Court dismiss Plaintiffs' Complaint against Bradshaw pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 20 at 13.) With respect to Granite County, Judge DeSoto first noted that Montana has "extended the doctrine of prosecutorial immunity to include county and state governments employing the prosecutors who find themselves named defendants in tort actions." (Doc. 20 at 14) (citing *Rosenthal v. County of Madison*, 170 P.3d 493, 498 (Mont. 2007)). In consideration of the above, Judge DeSoto determined that Granite County is shielded by absolute immunity for Plaintiffs' state-law causes of action and that Counts 8 and 9 should be dismissed. (Doc. 20 at 15.)

As to Count 7, which alleges malicious prosecution, Judge DeSoto observed that this cause of action may be brought under both federal and state law. *See Plouffe v. Mont. Dep't of Pub. Health & Hum. Servs.*, 45 P.3d 10 (Mont. 2002); *Awabody v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004). Judge DeSoto recommends that, to the extent Count 7 falls under Montana law, it should be dismissed. Judge DeSoto found that Counts 4, 5, and 6, which allege various §

3

1983 claims against Granite County, should survive the motion to dismiss stage because they remain unaffected by Granite County's state-law prosecutorial immunity. Moreover, to the extent Count 7 can be construed as a federal claim against Granite County, that claim should similarly survive Defendants' motion to dismiss. Finally, Judge DeSoto found that judicial notice is improper under Federal Rule of Evidence 201 because it is unclear whether the documents are public records, and their accuracy is not readily apparent. (Doc. 20 at 19.)

Accordingly, having reviewed Judge DeSoto's Findings and Recommendations for clear error and finding none,

IT IS ORDERED:

1. Judge DeSoto's Findings and Recommendations (Doc. 20) are ADOPTED IN FULL;
2. Defendants' Motion to Dismiss (Doc. 4) is GRANTED IN PART and DENIED IN PART, as set forth below:
    a. Plaintiffs' Complaint (Doc. 1) is DISMISSED as to Defendant Blaine C. Bradshaw;
    b. Counts 8 and 9 of Plaintiffs' Complaint (Doc. 1) are DISMISSED as to Defendant Granite County;
    c. To the extent it involves a cause of action under Montana law, Count 7 of Plaintiffs' Complaint (Doc. 1) is DISMISSED as to

Defendant Granite County; and

d. Defendants' Motion to Dismiss (Doc. 4) is DENIED as to all other counts.

DATED this 18th day of October, 2024.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court